# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDRE HAMILTON, | : | Civil No. 1:23-CV-00255 |
| Petitioner, | : | |
| v. | : | |
| WARDEN JAMISON, | : | |
| Respondent. | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Petitioner Andre Hamilton ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the failure of the Bureau of Prisons' ("BOP") to apply his earned time credits because he has an immigration detainer. (Doc. 1.)  For reasons set forth below, the court will dismiss the petition as moot.

### PROCEDURAL HISTORY

Petitioner is currently housed in the Federal Correctional Institution-Allenwood ("FCI-Allenwood") in White Deer, Pennsylvania.  He initiated this habeas corpus action under 28 U.S.C. § 2241 in February of 2023 alleging that the BOP is refusing to apply his earned time credits because he has an immigration detainer. (Doc. 1.)  On February 10, 2023, the court entered an order instructing Petitioner to pay the statutorily required filing fee or file a motion to proceed *in forma pauperis* within thirty-days.  (Doc. 3.)  On February 16, 2023, Petitioner

1

paid the court filing fee. (Doc. 5.) The court entered a show cause order and served Respondent on March 14, 2023. (Docs. 5, 6.) Respondent filed a response on March 31, 2023. (Doc. 7.) Petitioner filed his traverse on April 13, 2023. (Doc. 8.) The petition is ripe to be addressed by the court.

## DISCUSSION

The First Step Act ("FSA") allows eligible inmates who successfully complete evidence-based recidivism reduction programs or productive activities to receive time credits to be applied toward time in pre-release custody or supervised release. *See* 18 U.S.C. § 3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. *See id.* § 3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. *See id.* § 3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible for ETC. *See id.* § 3632(d)(4)(D). If time credits under the FSA are properly earned by an eligible inmate, that inmate is ineligible to apply time credits if he is subject to a final order

of removal under any provisions of the immigration laws.  18 U.S.C. § 3632(d)(4)(E).

Here, Petitioner is alleging that the BOP has failed to apply his time credits because he has an immigration detainer.  (Doc. 1.)  Respondent alleges that on March 25, 2023, Petitioner's earned time credits were applied to his sentence, and Petitioner has no longer been denied any credits as a result of any immigration detainer.  (Doc. 7, p. 3; Doc. 7-1, pp. 2, 8.)[1]  Respondent asserts that the petition is now moot.  (Doc. 7, pp. 3–4.)  In his traverse, Petitioner continues to assert that his earned time credits have not been applied due to an immigration detainer and attaches records predating March 25, 2023 as evidence of his continued denial.  (Docs. 8, 8-1.)

The court notes there have been some recent changes regarding immigration status and the application of earned time credits.  Prior to November 18, 2022, the BOP did take the position that inmates with detainers were ineligible for FSA time credits.  However, on November 18, 2022, the BOP issued Program Statement 5410.01 wherein the BOP modified its procedures to allow inmates with detainers to earn time credits; the inmates still could not have those time credits applied until the detainers were resolved.  U.S. Dep't of Justice, Federal Bureau of Prisons, Change Notice to Program Statement No. 5410.01, First Step Act of 2018 - Time

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) (Feb. 6, 2023), https://www.bop.gov/policy/progstat/5410.01_cn.pdf (*last visited* Jun. 2, 2023).[2] Recently, on February 6, 2023, the BOP issued a change notice to the program statement in which the BOP deleted the requirement that inmates have no detainers in order to have time credits applied to their sentence. *Id*.

Upon reviewing the records submitted by Respondent, on March 25, 2023, Petitioner's earned time credits were applied to his sentence. (Doc. 7-1, p. 8.) This renders the petition moot as there is no longer a live issue. *See Blanciak v. Allegheny Ludlum Corp*., 77 F.3d 690, 698 (3d Cir. 1996) (finding that "a case becomes moot when the issues are no longer live or the parties lack a cognizable interest in the outcome.").

## CONCLUSION

For the reasons set forth above, the court will dismiss the petition for writ of habeas corpus as moot. A separate order will be issued.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Judge
Middle District of Pennsylvania

Dated: June 21, 2023

---

[2] As of the date of this memorandum, the court notes that the BOP has removed the pdf of the November 18, 2022 version of the U.S. Dep't of Justice, Federal Bureau of Prisons, Program Statement No. 5410.01, First Step Act of 2018 - Time Credits: Procedures for Implementation of 18 U.S.C. 3632(d)(4) from its website. However, the changes highlighted in the change notice cited herein demonstrates how this prior version of the document read.